O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GARY FRANCIS FISHER,** | NO. CV 13-08599-VBF (MAN) |
| Petitioner, | **OPINION AND ORDER** |
| v. | Declining to Exercise Statutory Authority to Deny Unexhausted Claims on their Merits; |
| BARRIOS, JUDGE AGUILERA, CLARK, D.A. ROGER INMAN, CASEY (U.S. Customs), VENTURA COUNTY SHERIFFS, CARPENTER (V.C. Jail), CORR. OFCR. WILSON (CDCR Governor), GIPSON, and WARDEN BURNES, | Summarily Dismissing the Habeas Petition Without Prejudice for Lack of Exhaustion; Denying a Certificate of Appealability |
| Respondents. | |

Proceeding *pro se*, California state prisoner Gary Francis Fisher ("petitioner") filed the instant petition for a writ of habeas corpus in the United States District Court for the Northern District of California in November 2013, and that court transferred the case here. The Court construes this petition as a petition pursuant to 28 U.S.C. section 2254. For reasons that follow, the Court will summarily dismiss the petition without prejudice for failure to exhaust state-court remedies and will deny a certificate of appealability.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that

a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears that the Petition is unexhausted.[1] Therefore, the Court will dismiss the petition without prejudice.

The petition indicates that petitioner is challenging the validity of a conviction and sentence he sustained in October 1999 in Ventura County Superior Court Case No. CR 42447 (the "1999 Conviction"). *See* Petition at 2. Given that fourteen and a half years have passed since he sustained the 1999 conviction, it is quite possible that the petition is untimely under AEDPA. The Court need not consider whether the petition is timely, however, because the petition is subject to dismissal without prejudice on another, independent ground: failure to exhaust state-court remedies. *See, e.g., Torres v. Spearman*, 2013 WL 3055434, *2 (E.D. Cal. June 17, 2013) (stating, in section 2254 habeas case, "Because there are no exhausted claims on which to proceed, the court need not reach the timeliness issue . . . ."); *James v. Hedgpeth*, 2010 WL 5624642, *1 n.2 (C.D. Cal. Oct. 7, 2010) ("Because the Petition is subject to dismissal for failure to exhaust, the Court need not consider respondent's additional contention that the Petition is untimely."), *R&R adopted*, 2011 WL 220689 (C.D. Cal. Jan. 14, 2011) (Otero, J.).

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state-court remedies as to each of the issues presented. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims *before* those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999) (emphasis added); *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

---

[1] The Court may raise exhaustion problems *sua sponte*. *See Granberry v. Greer*, 481 U.S. 129, 133-34, 107 S. Ct. 1671 (1987), *noted by Trest v. Cain*, 522 U.S. 87, 90, 118 S. Ct. 478, 480 (1997); *see, e.g., Jenkins v. Yates*, 2012 WL 5835522, *8 (E.D. Cal. Nov. 16, 2012) ("This case presents a situation where it is appropriate to raise the failure to exhaust available state-court remedies *sua sponte*.") (Singleton, J.).

To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 888 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*). A state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court. *See Baldwin*, 541 U.S. at 29, 124 S. Ct. at 1349 (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); *Keating v. Hood*, 133 F.3d 1240, 1242 (9th Cir. 1998). To do so, petitioner must describe to the state supreme court both the operative facts and the federal legal theory underlying his claim. *See Henry*, 513 U.S. at 365-66). As the Supreme Court has put it, "for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee . . . ." *Gray v. Netherland*, 518 U.S. 152, 162-63, 116 S. Ct. 2074 (1996). The federal habeas claim is "fairly presented if raised in the petition itself, an accompanying brief, or another similar document filed with" the state supreme court. *Gentry v. Sinclair*, 705 F.3d 884 (9th Cir.) (citing *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347 (2004)), *cert. denied*, – U.S. –, 134 S. Ct. 102, *reh'g denied*, – U.S. –, 134 S. Ct. 726 (2013).[2]

**Petitioner admits that he has not exhausted the claims asserted in the petition. He states, under penalty of perjury**, that he did not appeal the 1999 Conviction and did not seek any post-conviction relief with respect to the 1999 Conviction, *see* Pet. at 3-4. Indeed, the primary argument made by petitioner in the brief appended to the petition is that he should not have to exhaust the claims alleged in the petition -- an argument which this Court resoundingly rejects.[3] In addition, the Court has reviewed the dockets for the California Supreme Court, which are available electronically,[4] and takes judicial notice of their contents

---

[2] *See Jenkins v. Biter*, No. CV 13-02724-VBF-RF Doc. 25 at 3-6 (C.D. Cal. Mar. 31, 2014) for further discussion of what a party must do to sufficiently alert the state supreme court that he is asserting a *federal* constitutional claim and not merely state-law claims.

[3] Petitioner's contention -- that the exhaustion requirement is "obviate[d]" because he also has attempted to seek relief under 42 U.S.C. § 1983 through a separate action and/or because the petition is brought under 28 U.S.C. § 1343 -- is unsupported by any Supreme Court or Ninth Circuit precedent.

[4] *See* http://appellatecases.courtinfo.ca.gov.

pursuant to Federal Rule of Evidence 201. A search of those dockets under petitioner's names as indicated in the petition shows that the *only* action which he has filed in the California Supreme Court is a pending habeas proceeding that commenced on December 2, 2013 (Case No. S21506), *after* the petition was filed. The docket does not reveal whether Case No. S21506 relates to the 1999 conviction, but it is plain that the claims herein were not exhausted before this action commenced. This is significant because "[t]o be properly filed, a claim must have been exhausted *at the time of filing*." *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013) (citing *King v. Ryan*, 564 F.3d 1133, 1142 (9th Cir. 2009)) (emphasis added).

Accordingly, the Court determines that the petition is fully unexhausted and it is subject to dismissal without prejudice[5] for lack of subject-matter jurisdiction on that basis. *See Rose*, 455 U.S. at 522, 102 S. Ct. at 1205; *see, e.g., Caracci v. Habeas Corpus*, 2014 WL 1290089, *1 (C.D. Cal. Mar. 28, 2014) (McDermott, M.J.) ("[T]he Petition is dismissed without prejudice as fully unexhausted."); *McDiarmid v. Spearman*, 2014 WL 988790, *2 (C.D. Cal. Mar. 13, 2014) (Olguin, J.) ("Because his claims are unexhausted, the Petition is dismissed without prejudice to re-file once petitioner has exhausted his claims.") (citing *Rasberry*, 448 F.3d at 1154).[6]

THE COURT DECLINES TO CONSIDER THE MERITS OF THE UNEXHAUSTED CLAIMS

**The Court is aware that it has express statutory authority to deny unexhausted claims on their merits under certain circumstances.** Title 28 U.S.C. § 2254(b)(2) provides that "[a]n application for a writ

---

[5] A federal district court may dismiss a wholly-unexhausted habeas petition *with* prejudice only where it is clear that state law will no longer permit petitioner to exhaust the claims therein. *See, e.g., Murphy v. Mahoney*, 308 F. App'x 45, 45-46 (9th Cir. 2008) ("Since the time for filing a state post-conviction relief petition has long since passed, Murphy cannot return to state court to exhaust his claims. Thus, Murphy is procedurally barred from asserting his claims in federal court, and no exception exists that would excuse his failure to file a petition earlier.") (citing *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546 (1991)). The record here does not permit the Court to conclude that petitioner is foreclosed, as a matter of state law, from exhausting these claims.

[6] A fully unexhausted federal habeas petition may not be stayed and must be dismissed. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing: "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (a district court is "'obliged to dismiss immediately'" a petition that contains no exhausted claims) (citation omitted).

of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." *See, e.g., D.A.'s Office for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 75-76, 129 S. Ct. 2308, 2324 (2009) (J. Alito, concurring, joined by J. Kennedy) ("[E]ven though respondent did not exhaust his state court remedies, his claims may be rejected on the merits, *see* 28 U.S.C. § 2254(b)(2), because a defendant who declines the opportunity to perform DNA testing at trial for tactical reasons has no constitutional right to perform such testing after conviction."); *Murray v. Schriro*, No. 08-99013, – F.3d –, 2014 WL 998019, *24 (9th Cir. Mar. 17, 2014) ("Even if this were not unexhausted and procedurally defaulted, it is without merit.") (citing 28 U.S.C. § 2254(b)(2) and *Bell v. Cone*, 543 U.S. 447, 451 and n.3, 125 S. Ct. 847 (2005)); *Cortez v. Fakhoury*, No. 10-56046, – F. App'x –, 2014 WL 721865, *1 (9th Cir. Feb. 26, 2014) ("The state maintains that this claim is unexhausted. We need not address this issue because Cortez does not raise a colorable federal claim.") (citing § 2254(b)(2) and *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005)); *Henry v. Ryan*, 720 F.3d 1073, 1079-80 (9th Cir. 2013) ("The parties disagree about whether the procedural default rule bars this claim. We need not reach this issue, however, because the merits of the claim have been fully briefed, and the district court assumed that it was not barred and reached the merits of the claim. We therefore exercise our discretion to deny the claim on the merits as permitted by 28 U.S.C. § 2254(b)(2).").

"**The Ninth Circuit sets a high bar, however, before a court may conclude that a habeas claim is so obviously and indisputably weak that it may be denied despite the lack of exhaustion.**" *Avila v. Superior Court of San Luis Obispo County*, No. LA CV 14-02159 Doc. ___ at 3, 2014 WL ____ (C.D. Cal. Apr. 15, 2014) (Valerie Baker Fairbank, J.). "The Ninth Circuit, adopting the standard set forth in *Granberry* [*v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671 (1987)], held that it is appropriate to deny an unexhausted claim on the merits under § 2254(b)(2) when it is *perfectly clear* that the applicant does not raise *even a colorable* federal claim." *Bodnar v. Davis*, 2014 WL 794575, *8 (C.D. Cal. Feb. 26, 2014) (citing *Cassett*, 406 F.3d at 623-24) (emphasis added). Moreover, comity and respect for State courts suggest that a federal court should not be too quick to conclude it is "perfectly clear" that habeas claims are not even colorable. As our Circuit has explained,

> [T]he principle of comity counsels in favor of a standard that limits a federal court's ability

5

>      to deny relief under [28 U.S.C.] § 2254(b)(2) to circumstances in which it is perfectly clear
>      that the petitioner has no hope of prevailing. A contrary rule would deprive state courts of
>      the opportunity to address a colorable federal claim in the first instance and grant relief if
>      they believe it is warranted. *See Rose* . . . , 455 U.S. 509, 515 . . . (noting that, "as a matter
>      of comity, federal courts should not consider a claim in a habeas corpus petition until after
>      the state courts have had an opportunity to act"); . . . .

*Cassett*, 406 F.3d at 624. Particularly in the absence of full briefing on the merits, the Court cannot go so far as to say that petitioner Fisher has "no hope of prevailing." *Cf. Saldivar v. McGrath*, 232 F. App'x 669, 670-71 (9th Cir. 2007) (vacating order denying a potentially-unexhausted claim for lack of merit and remanding for a determination regarding exhaustion) ("While we do not express a view on the ultimate merits of Petitioner's third due process claim, we cannot say that it is perfectly clear that he failed to raise a colorable claim."); *Pimpton v. Carey*, 216 F. App'x 696, 697 (9th Cir. 2007) ("Although we do not express a view on the ultimate merits of [the] Eighth Amendment claim, we cannot say that it is perfectly clear that it fails to present a colorable federal claim. [W]e vacate the . . . order denying relief on [that] claim and remand for further proceedings to determine whether the claim was properly exhausted.").

Instead, the Court will heed our Circuit's observation that "'the concern for comity weighs more heavily when it appears that a state prisoner's claim has arguable merit than when it is easily dismissed as frivolous by a federal court, thus saving a state court from needless and repetitive litigation.'" *Cassett*, 406 F.3d at 624 (quoting *Mercadel v. Cain*, 179 F.3d 271, 277 (5th Cir. 1999)). In this connection the Court would note that the Magistrate had the authority to recommend dismissal of this petition at the initial-screening stage, without even ordering the petition served on the respondent, on the additional or alternative ground that she found its claims to be very clearly meritless. *See, e.g., Keough v. Mahoney*, 2006 WL 2291179, *1 (D. Mont. Aug. 9, 2006) ("Pursuant to Rule 4 of the 2254 Rules, Keough's petition must be dismissed '[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."). The Magistrate did not recommend summary dismissal for clear lack of merit. This suggests that the Magistrate shares this Court's reluctance to say, at this early stage, that petitioner's unexhausted claims are clearly not even colorable.

### PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY

Absent a COA, "an appeal may not be taken from a final decision of a district judge in a [28 U.S.C. § 2254] habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255", *Chafin v. Chafin*, – U.S. –, 133 S. Ct. 1017, – (2013) (Ginsburg, J., joined by Scalia & Breyer, JJ., concurring),[7][8] and the district court must issue or deny a COA when it enters a final order adverse to the applicant, *see* Rule 11(a) of Rules Governing § 2254 Cases). In practice,"[i]t is a 'rare step' for a district court to issue a COA," *McDaniels v. McGrew*, 2013 WL 4040058, *3 (C.D. Cal. Aug. 8, 2013) (Fairbank, J.) (quoting *Murden v. Artuz*, 497 F.3d 178, 199 (2d Cir. 2007) (Hall, J., concurring in judgment)). A COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "The Court is mindful that it 'must resolve doubts about the propriety of a COA in the petitioner's favor'", *Adams v. Hedgpeth*, No. LA CV 14-01464-VBF Doc. 5 at 8 (C.D. Cal. Apr. 9, 2014) (quoting *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (en banc)), but no such doubt exists here. Reasonable jurists would not find it debateable that this habeas petition is totally unexhausted, and that a totally unexhausted habeas petition is subject to dismissal without prejudice on that basis alone. In the posture of this case, the petition is not "adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3385 n.4 (1983).[9]

## ORDER

The petition for a writ of habeas corpus is **DISMISSED without prejudice** for failure to exhaust

---

[7]*See also* 9th Cir. R. 22-1(e) (appellants "shall brief only issues certified by the district court or the court of appeals") and R. 22-1(f) (appellees "need not respond to any uncertified issues").

[8]There is an exception not applicable here: "a COA is not required to appeal an order denying a motion for federally appointed counsel." *Harbison v. Bell*, 556 U.S. 180, 194, 129 S. Ct. 1481, 1491 (2009).

[9]"Although a litigant may ask a district court to reconsider its denial of a COA, *see, e.g., Ho v. Carey*, 332 F.3d 587, 590 (9th Cir. 2003), 'the denial of a COA is not in itself appealable' to the Court of Appeals." *Romero*, CV No. 5:11-01426, slip op. at 3 n.3 (Fairbank, J.) (quoting *Cannan v. Hutchens*, 479 F. App'x 756 (9th Cir. 2012) (citing *Greenawalt v. Stewart*, 105 F.3d 1268, 1272 (9th Cir. 1997) (per curiam), *abrogation o.g. recognized by Jackson v. Roe*, 425 F.3d 654, 658-61 (9th Cir. 2005))). *Accord Stevens v. Curtis*, 2010 WL 2651592, *7 n.3 (W.D. Mich. June 30, 2010) (Paul Lewis Maloney, Chief Judge) (citing, *inter alia*, *Sims v. US*, 244 F.3d 509, 509 (6th Cir. 2011)).

state-court remedies.[10]

A Certificate of Appealability is **DENIED**. This is a final order, but it will not be appealable unless petitioner obtains a certificate of appealability from the U.S. Court of Appeals for the Ninth Circuit.[11]

As required by FED. R. CIV. P. 58(a)(1), the judgment will be issued separately.[12]

DATED: April 15, 2014

*/s/ Valerie Baker Fairbank*

VALERIE BAKER FAIRBANK
SENIOR UNITED STATES DISTRICT JUDGE

---

[10] Petitioner filed another habeas corpus petition in this district in 2013, attacking a conviction he sustained in April 2002 in Ventura County Superior Court Case No. CR 46934. Just yesterday, the Court dismissed that petition without prejudice for failure to exhaust state-court remedies as well. *See Gary Francis Fisher v. Clark*, No. LA 13-CV-08599 Doc. 13 (C.D. Cal. Apr. 14, 2014) (Fairbank, J.).

[11] *See Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir.) (citing 28 U.S.C. § 2253(c)(1)(B)), *cert. denied*, – U.S. –, 133 S. Ct. 292 (2012); *see also* FED. R. APP. P. 22(b)(1).

[12] *See Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013). *Accord Brown v. Fifth Third Bank*, 730 F.3d 698, 699 (7th Cir. 2013); *Brown v. Recktenwald*, – F. App'x –, 2013 WL 6439653, *2 n.2 (3d Cir. Dec. 10, 2013) (p.c.). "To comply with Rule 58, an order must (1) be self-contained and separate from the opinion; (2) note the relief granted; and (3) omit or substantially omit the district court's reasons for disposing of the claims." *Daley v. USAO*, 538 F. App'x 142, 143 (3d Cir. 2013) (citation omitted). Conversely, "[a] combined document denominated an 'Order and Judgment,' containing factual background, legal reasoning, as well as a judgment, generally will not satisfy the rule's prescription." *In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir. 2008); *see, e.g., Daley*, 538 F. App'x at 143.